UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ADDONES SPENCER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 2:14-CV-418 PS |
| PACT-BRADLEY HOUSE/CENTER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Addones Spencer, a *pro se* prisoner, filed a complaint without paying the filing fee. However, it would be futile to send Spencer an *in forma pauperis* petition because he is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) due to his having filed three previous complaints which did not state a claim. This is commonly known as the "Three Strikes Rule" and Spencer has accumulated three strikes:

(1) *Spencer v. U.S. Probation Department*, 1:12-CV-363 (N.D. Ind. filed October 17, 2012). Case dismissed pursuant to 28 U.S.C. § 1915A on October 24, 2012;

(2) *Spencer v. City of Fort Wayne*, 1:12-CV-364 (N.D. Ind. filed October 17, 2012). Case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A on November 26, 2012; and

(3) *Spencer v. Campbell*, 2:12-CV-438 (N.D. Ind. filed October 24, 2012). Case dismissed pursuant to 28 U.S.C. § 1915A(b) on February 5, 2013.

It is not news to Spencer that he has "struck out." He has been told six times before – including four times this year:

(1) *Spencer v. Russo*, 1:13-CV-451 (E.D. Tex. filed July 12, 2013), order dated February 20, 2014;

(2) *Spencer v. Texas University Medical Branch*, 1:13-CV-731 (E.D. Tex. filed December 26, 2013), order dated February 20, 2014;

(3) *Spencer v. Womble*, 1:13-CV-689 (E.D. Tex. filed November 25, 2013), order dated May 1, 2014;

(4) *Spencer v. Does*, 5:13-CV-692 (W.D. Okla. filed July 5, 2013), order dated June 6, 2014;

(5) *Spencer v. Does*, 5:13-CV-692 (W.D. Okla. filed July 5, 2013), order dated July 31, 2014; and

(6) *Spencer v. Does*, 5:13-CV-692 (W.D. Okla. filed July 5, 2013), order dated August 25, 2014.

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Spencer is seeking monetary damages from four defendants based on events which occurred while he was being held at a halfway house in Michigan City, Indiana, earlier this year. He alleges that he was denied access to the recreation room because of his disability. He alleges that his medical treatment was delayed. He alleges that he was wrongfully transferred to the Metropolitan Correctional Center in Chicago, Illinois, where he is now being held. None of these allegations

plausibly allege that this case has anything to do with his now being in imminent danger of serious physical injury. Thus, he may not proceed *in forma pauperis* and his case must be dismissed, according to the procedure previously outlined by the Seventh Circuit in *Sloan v. Lesza*:

> Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Also pursuant to *Sloan*, the filing fee is still assessed and Spencer is restricted until he has paid in full all outstanding filing fees and sanctions in all of his federal court cases. The restriction imposed by this order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from filing a notice of appeal in this case.

For the foregoing reasons, the court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **ORDERS** the plaintiff **Addones Spencer, BOP # 11060-027** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $400.00 filing fee is paid in full;

(3) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any civil case by or on behalf of Addones Spencer (except for a notice of appeal in this case or unless filed in a habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(4) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

(5) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED.**

**ENTERED**: December 8, 2014

 s/Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT